**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER HAYNES-GLENN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CSC SERVICEWORKS, INC.,<br><br>Defendant. | Civil Action No.: 21-cv-01304<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jennifer Haynes-Glenn ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant CSC ServiceWorks, Inc. ("CSC" or "Defendant").

## NATURE OF THE ACTION

1. Defendant provides reloadable cash cards ("Laundry Cards") designed for use in laundry machines that are also provided by and serviced by Defendant.

2. This case seeks redress for Defendant's practice of misrepresenting the value of these Laundry Cards and charging customers a hidden fee for their use.

3. These Laundry Cards can be refilled either at CSC Laundry Card Stations.

4. Though Defendant represents that a user should "Treat [the Laundry Card] as cash," each of Defendant's Laundry Cards is only useable with a small number of Defendant's laundry machines limited to a single residential building.

5. Defendant only allows users to fill their Laundry Card with specific amounts such as $20.

6. Defendant charges various fees for different size washer and dryers. Fee amounts vary, but include $3.75 and $4.25.

7. The amounts that Defendant allows customers to fill their Laundry Cards with are not divisible by the cost that Defendant charges customers to use Defendant's laundry machines.

8. The implication of the possible prepayment amounts in conjunction with the price of laundry means that it is guaranteed that the balance of a Laundry Card will never reach zero.

9. CSC represents that they will refund the balance of the card at the user's request.

10. However, this refund policy is a sham. CSC requires an undisclosed processing and handling fee to receive this purported refund. Thus, once consumers have a balance on their Laundry Card below that of the washer or dryer fee amount, Defendant requires the consumer to pay Defendant more than the value of the balance in order to receive their refund.

11. Additionally, even when customers comply with these unreasonable policies, CSC has a policy of ignoring these refund requests.

12. The possible refill amounts are not random. They are calculated to always produce a remainder which Defendant then keeps.

13. These remaining balances are thus unavailable to Laundry Card users and function as a hidden fee that is not disclosed to users.

14. This refund policy, in conjunction with Defendant's policy of only allowing a Laundry Card to function with a small number of machines, results in New Yorkers often being left with countless CSC Laundry Cards with balances of a few dollars each that are impossible to use.

15. CSC compounds this problem by its policy of frequently changing Laundry Card readers without meaningful warning which makes existent Laundry Cards for that location unusable. The same sham refund policies mentioned above apply in these cases.

16. Defendant did not disclose these practices to Plaintiff and the putative class.

17. Defendant advertises that "CSC strives to be a responsible and ethical company," and that it "view[s] responsibility as a foundational element of [its] business model."[1]

18. However, despite these assertions, social media is replete with complaints about the same practices that appear on this complaint. For example, on Yelp.com, "Adam S." stated:

> CSC Changed all of the machines in my building in New York City and then handed us new laundry cards and informed me I could no longer use my old card which had $25.00 balance still on it. NO ADVANCED WARNING OF CANCELLING OUR LAUNDRY CARDS. When I called CSC they informed me to get my money back I had to mail the physical card (PAY FOR THE POSTAGE MYSELF) to request my money back. TERRIBLE CUSTOMER EXPERIENCE.[2]

19. Another reviewer, "Carisma M." stated:

> It would be really helpful if they had something posted explaining how to get my money off this card! I am not mailing a card and I don't believe a company so "popular" in this well advanced time with technology has nothing set up for easy refunds?[3]

20. These small balances add up. Defendant has distributed tens of millions of these cards to Laundry Card users throughout the United States. Thus, Defendant has acquired at least tens of millions of dollars in revenue to which it is not entitled.

21. Plaintiff is a Laundry Card user who asserts claims on behalf of herself and similarly situated Laundry Card User for violations of the consumer protection laws of New York, unjust enrichment, and fraud.

**PARTIES**

22. Plaintiff Jennifer Haynes-Glenn is a citizen of New York who resides in The Bronx, New York. Plaintiff Haynes-Glenn has at least one Laundry Card that was provided by Defendant. This Laundry Card has been unusable since Defendant changed the Laundry Card

---

[1] https://www.cscsw.com/about-us/corporate-responsibility (last accessed 2/12/2021)
[2] https://www.yelp.com/biz/csc-serviceworks-plainview (last accessed 2/12/2021)
[3] *Id.* (last accessed 2/12/2021)

readers in her building in approximately November, 2020. The Laundry Card includes a balance that Plaintiff is unable to access due to Defendant's policies. When Plaintiff contacted Defendant by phone, she was told that in order to be refunded the balance on her Laundry Card, she would need to both pay for the postage to send the card to Defendant as well as pay an additional processing fee. Plaintiff would not have added money to her Laundry Card had she known that she would not have been able to access her full balance.

23. Defendant CSC ServiceWorks, Inc. is a Florida corporation with its principal place of business at 303 Sunnyside Blvd, Ste 70, Plainview, New York, 11803. Defendant distributes Laundry Cards throughout the United States.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

25. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events that gave rise to this cause of action occurred here.

26. This court has personal jurisdiction over Defendant because Defendant maintains their principal place of business in this state and because a substantial portion of the events that gave rise to this cause of action occurred as a result of Defendant's contacts with this district.

## CLASS REPRESENTATION ALLEGATIONS

27. Ms. Haynes-Glenn seeks to represent a class defined as all persons in the United States who possess Laundry Cards that are maintained by Defendant (the "Class").

28. Ms. Haynes-Glenn also seeks to represent a subclass defined as all Class members who reside in New York who possess Laundry Cards that are maintained by Defendant (the "New York Subclass").

29. Members of the Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and New York Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

30. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant's Laundry Card refund policy is false and misleading.

31. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, possess Laundry Cards, and suffered a loss as a result of Defendant's possible prepayment amount and refund policies.

32. Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

33. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the

resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

34. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

35. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

36. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations in the marketing of Defendant's Laundry Card.

37. The foregoing deceptive acts and practices were directed at consumers.

38. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the policy of structuring the possible prepayment amount, refund policies, and Laundry Card reader replacements in a way as to maximize the balance of the Laundry Cards and increase Defendant's revenue.

39. Plaintiff and members of the New York Subclass were injured as a result because (a) spent money to fill up their Laundry Card, and (b) were charged a hidden fee in the form of a balance that was economically impractical to access.

40. On behalf of herself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
### Unjust Enrichment

41. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

42. Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendant.

43. Plaintiff and Class members conferred benefits on Defendant by paying money to Defendant in the form of adding prepayments to their Laundry Cards.

44. Defendant has knowledge of such benefits.

45. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' Laundry Card balance remainders.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant did not disclose that their prepayment, refund policies, and Laundry Card reader replacements were structured in way that maximized the balance remainders and then made these balances economically unfeasible to access by requiring a processing and handling fee.

46. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT III

### Fraud

47. Plaintiff incorporates by reference and re-allege each and every allegation set forth above as though fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendant.

49. As discussed above, Defendant misrepresented that its prepayment, refund policies, and Laundry Card reader replacements were for reasons other than a hidden policy to generate profits at the expense of Plaintiff and members of the Class and New York Subclass.

50. The false and misleading representations and omissions were made with knowledge of their falsehood.

51. The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the Class and New York Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the Class and New York Subclass to add money to their Laundry Cards.

52. The fraudulent actions of defendant caused damage to Plaintiff and members of the Class and New York Subclass, who are entitled to damages and other legal and equitable relief as a result.

### RELIEF DEMANDED

1. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a. For an order certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass members;

b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the New York Subclass on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

h. For an order awarding Plaintiff and the Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

Dated: February 12, 2021

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*
Philip L. Fraietta

Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com

*Attorney for Plaintiff*